DAWSON *v.* WALLS.

Suit by the assignee of a promissory note against his assignor, alleging the insolvency of the maker. A judgment had been obtained on the note against the maker, and executions returned *nulla bona*, but due diligence had not been used in bringing the suit. Answer: that diligence had not been used against the maker of the note, who, long after the time when a judgment might have been obtained against him, had property subject to execution. The executions issued on the judgment against the maker and the returns of the officer were offered in evidence, and objected to by the assignor, on the ground of irrelevancy.

*Held,* that as it does not appear but that the judgment on which the executions issued was given in evidence without objection, and as the executions and returns might tend to show insolvency at a given, though immaterial, time, the Court can not say the evidence did any harm.

*Held,* also, that as the evidence is not in the record, this Court can not say that any thing was shown tending to impeach the returns, and if not, they might, when legitimately in evidence, be taken as conclusive, in the given case.

APPEAL from the *Marion* Common Pleas.

*Per Curiam.*—Suit by the assignee against the assignor of a promissory note. There were two paragraphs in the complaint; one averring that an unavailing suit, though not brought in time, had been prosecuted against the maker, and both averring that the maker was, at the time the note fell due, and still continued, insolvent. No demurrer, or motion to strike out. The question in the cause was upon insolvency.

Answer: 1. A denial. 2. That the plaintiff had given time to defendant. 3. That the note fell due on *January* 3, 1856, and suit was not instituted against the maker until *May* 20, 1856; that on the first *Monday* of *April*, a term of the Common Pleas, and on *April* 28, a term of the Circuit Court commenced; that the maker was a resident of the county, and had property subject to execution from the time the note fell due, until suit was brought, &c. Reply in denial; trial; verdict and judgment for the plaintiff.

The evidence is not in the record. The errors complained of are, the rulings of the Court in admitting evidence, in

giving and refusing instructions, and in overruling a motion for a new trial.

The Court admitted in evidence executions which purported to have been issued on a judgment in favor of *Walls* against the maker of the note, and the officers' returns thereon. The purpose for which they were offered was not disclosed. The objection was for irrelevancy.

It does not appear but that the judgment on which the executions were issued was given in evidence without objection, and the evidence of the returns in question might tend to show insolvency at a given time, though, at an immaterial one. We can not say, under what appears in the record, that the evidence could have done any harm.

The question as to whether the returns of the sheriff, of no property, on the executions in the case of the present plaintiff against the maker of the note, are conclusive, or only *prima facie*, or whether they should be evidence at all, is raised by instructions given and refused. The Court refused to instruct either that such returns were no evidence, or that, where real estate was levied upon, they were only *prima facie* evidence of the want of personal property; and instructed that such return was conclusive between the parties to this suit, in this form of action, that the maker had no property, &c., after the execution came to the hands of the officer.

This is the main question urged by the appellant in the case, but it is, in fact, an immaterial one. There are other points made upon instructions given, but as the instructions which are said to be objectionable were afterward modified, or explained, by others asked by the defendant and given, we can not see but that, upon these minor points made, the case was fairly given to the jury. But supposing the question on the returns to have been material, still, as the evidence is not of record, we can not say that any thing was shown tending to impeach the returns; if not, they might, when legitimately in evidence, be taken as conclusive in the given case, and the instruction would work no injury. See cases on Sheriffs' Returns, Ind. Dig., p. 608.

The judgment is affirmed, with 1 per cent. damages and costs.

*D. McDonald* and *A. G. Porter*, for the appellant.

*John Coburn*, for the appellee.